UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NOE ANTONIO ESPINOZA VALENCIA, on
behalf of himself and all others similarly situated,

                      Plaintiff,

      -against-

THE WASH EXPERTS 2 LLC and ROBERT TUNIT,

                      Defendants.
------------------------------------------------------------------X

21 Civ. 6874

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

        Plaintiff Noe Antonio Espinoza Valencia ("Plaintiff" or "Valencia"), on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, complaining of defendants The Wash Experts 2 LLC ("Wash Experts") and Robert Tunit (collectively, "Defendants"), alleges:

## NATURE OF THE ACTION

        1.    Valencia regularly worked between sixty-three to seventy-three and a half hours per workweek as a car washer at the Wash Experts. Throughout his employment, Defendants failed to pay Valencia the statutory minimum wage rate, the correct amount of overtime wages for weekly hours worked over forty, and spread-of-hours pay when he worked daily shifts spanning over ten hours. In addition, Defendants failed to provide Valencia with wage statements at the end of each pay period.

        2.    Plaintiff brings this action on behalf of himself and all similarly situated car washers (the "Car Washers") to recover from Defendants unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the New York State Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, because the events giving rise to Plaintiff's claims occurred in Brooklyn, within this District.

## THE PARTIES

**Plaintiff Noe Antonio Espinoza Valencia**

5. Noe Antonio Espinoza Valencia resides in Brooklyn, New York.

6. Valencia worked for the Wash Experts as a car washer from approximately 2014 to August 20, 2021.

**Defendant The Wash Experts 2 LLC**

7. Defendant The Wash Experts 2 LLC is a New York corporation located at 2390 McDonald Avenue, Brooklyn, New York 11223.

8. The Wash Experts provides hand car washing and detailing to its customers on its premises.

9. The Wash Experts is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

10. The Wash Experts has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

11. In each of the three years preceding the filing of this Complaint, the Wash Experts' annual gross volume of sales exceeded $500,000.

**Defendant Robert Tunit**

12. Defendant Robert Tunit is an owner of the Wash Experts.

13. Throughout Plaintiff's employment, Tunit had and exercised power over personnel decisions at the Wash Experts, such as the hiring and firing of employees. For example, Tunit hired Valencia.

14. Throughout Plaintiff's employment, Tunit was present at the Wash Experts daily. When present, Tunit supervised and directed employees' daily duties.

15. Tunit determined the wage rates of the Wash Experts' employees, including the wage rates of Plaintiff. For example, Tunit determined Valencia's wages and Javier, the Wash Experts manager, distributed the wages to employees.

16. Tunit determined the schedules of the Wash Experts employees, including Plaintiff's schedule.

17. Tunit exercised sufficient control over the operations of the Wash Experts to be considered Plaintiff's employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

18. Throughout his employment with the Wash Experts, Valencia worked as a car washer at the Wash Experts.

19. Throughout his employment at the Wash Experts, Valencia regularly worked from approximately 9:00 a.m. to 8:00 p.m., six to seven days per week, with a 30-minute break per workday, totaling sixty-three to seventy-three and a half hours per workweek.

20. From approximately 2015 to 2016, the Wash Experts paid Valencia $10.00 per hour for all hours worked, including those over forty.

3

21. From approximately 2017 to 2018, the Wash Experts paid Valencia $11.00 per hour for all hours worked, including those over forty.

22. In approximately 2019, the Wash Experts paid Valencia $12.00 per hour for all hours worked, including those over forty.

23. From approximately 2020 to the end of his employment on August 30, 2021, the Wash Experts paid Valencia $13.00 per hour for all hours worked, including those over forty.

24. Throughout his employment, Defendants paid Valencia in cash without accompanying wage statements reflecting his hours worked and hourly wage rates paid.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of himself and all similarly situated Car Washers who worked at the Wash Experts within the three years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective").

26. The FLSA Collective consists of over seventeen Car Washers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

27. Throughout Plaintiff's employment, Plaintiff and the FLSA Collective have regularly worked more than forty hours per workweek, have performed virtually the same work duties, and have been subjected to Defendants' common pay policies depriving them of overtime wages at the rate of one and one-half times their regular hourly wage rates for all hours worked in excess of forty per workweek.

28. Defendants are aware or should have been aware that the FLSA required them to pay Plaintiff and other Car Washers an overtime premium for hours worked in excess of forty per workweek.

29. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiff and the FLSA Collective.

30. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated Car Washers can be readily identified and located through Defendants' records. The similarly situated Car Washers should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

**FIRST CLAIM**
**(NYLL – Unpaid Minimum Wages)**

31. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

32. Defendants were Plaintiff's employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor ("NYDOL") Regulations and employed Plaintiff.

33. Throughout his employment, Plaintiff was paid below the minimum wage applicable to large employers in New York City. *See* 12 N.Y.C.R.R. § 142–2.1(a)(1)(i).

34. The NYLL and its supporting regulations require that employers pay employees at least the minimum wage for each hour worked up to forty per workweek.

35. The minimum wage provisions of Article 19 of the NYLL and the supporting NYDOL Regulations apply to Defendants.

36. Defendants failed to pay Plaintiff the minimum wages to which he was entitled under the NYLL.

37. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff minimum hourly wages.

38. As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover his unpaid wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

### SECOND CLAIM
### (FLSA – Unpaid Overtime)

39. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

40. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages at the rate of one and one-half their regular hourly wage rates per hour worked in excess of forty per workweek.

41. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff and the FLSA Collective.

42. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff's and the FLSA Collective's compensation.

43. Defendants were or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

44. Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

### THIRD CLAIM
### (NYLL – Unpaid Overtime)

45. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

46. Pursuant to the NYLL and supporting NYDOL Regulations, Defendants were required to pay Plaintiff one and one-half (1½) times his regular hourly rates of pay for all hours worked in excess of forty per workweek.

47. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting NYDOL Regulations, and employed Plaintiff.

48. Defendants failed to pay Plaintiff overtime wages equal to one and one-half (1½) times his regular hourly rates of pay, which could not be less than the minimum wage rate, per hour worked in excess of forty per workweek.

49. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

50. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## FOURTH CLAIM
### (NYLL – Spread-of-Hours Pay)

51. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

52. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which he worked shifts spanning over ten hours, in violation of the NYLL and its supporting NYDOL regulations, including 12 NYCRR § 142-2.4.

53. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## FIFTH CLAIM
### (NYLL – Failure to Provide Wage Statements)

54. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

55. The NYLL and the WTPA require employers to provide employees with an accurate wage statement each time they are paid.

56. Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff without providing a wage statement at the end of every pay period accurately listing, *inter alia*, the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

57. Due to Defendants' violation of the NYLL, § 195(3), Plaintiff is entitled to recover from the Defendants statutory damages of $250.00 per workday, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective, respectfully requests that this Court:

a. designate this action as a collective action on behalf of the FLSA Collective and authorize the prompt issuance a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b. declare that Defendants have violated the minimum wage provisions of the NYLL;

  c. declare that Defendants have violated the overtime wage provisions of the FLSA, the NYLL, and the NYDOL regulations;

  d. declare that Defendants violated the spread-of-hours pay provisions of the NYLL and supporting regulations;

  e. declare that Defendants violated the notice and record keeping provisions of the NYLL and WTPA;

  f. declare that Defendants' violations of the FLSA and NYLL were willful;

  g. enjoin and permanently restrain Defendants from further violations of the FLSA and NYLL;

  h. award Plaintiff and other Car Washers who opt-in to this action damages for unpaid minimum wages;

  i. award Plaintiff and the FLSA Collective damages for unpaid overtime wages;

  j. award Plaintiff and other Car Washers who opt-in to this action damages for unpaid spread-of-hours pay;

  k. award Plaintiff and other Car Washers who opt-in to this action statutory damages as a result of Defendants' failure to furnish them with accurate wage statements at the end of each pay period, in violation of the NYLL and WTPA;

  l. award Plaintiff and the FLSA Collective liquidated damages in an amount equal to the total amount of wages found to be due pursuant to the FLSA and the NYLL;

  m. award Plaintiff and other Car Washers who opt-in to this action pre- and post-judgment interest under the NYLL;

      n.      awarding Plaintiff and the FLSA Collective reasonable attorneys' fees and costs of the action pursuant to the FLSA and the NYLL; and

      o.      award such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
        December 13, 2022

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Gianfranco J. Cuadra
Mirian Albert
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
cuadra@pechmanlaw.com
albert@pechmanlaw.com
*Attorneys for Plaintiff and the Putative FLSA Collective*